UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FRANK KEVIN KENNEDY et al.**                                   **CIVIL ACTION**

**VERSUS**                                                        **CASE NO. 22-4591**

**SHELL USA, INC. et al**                                         **SECTION: "G"(2)**

# ORDER

This case arises out of an alleged injury Plaintiff Frank Kevin Kennedy suffered on or about November 27, 2021, aboard the Perdido, H&P Rig 205, an offshore oil and gas platform in the Gulf of Mexico.[1] Plaintiffs Frank Kevin Kennedy, Jacob Kennedy, and Kristin Kennedy (collectively, "Plaintiffs") bring claims against thirteen defendants under the Jones Act and General Maritime Law.[2] Before the Court is Defendants Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Co.'s (collectively, "Moving Defendants") "Motion to Dismiss under Rule 12(b)(2) and Alternatively Under Rule 12(b)(6)."[3] The motion was filed on March 17, 2023, and it was noticed for submission on April 5, 2023.[4] On March 27, 2023, the Court granted Plaintiffs additional time to respond to the motion and reset the submission date to May 3, 2023.[5] Plaintiffs have not filed any opposition to the motion, and therefore the motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it not required to

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 29.

[4] Rec. Doc. 29-3.

[5] Rec. Doc. 31.

do so.[6] For the reasons discussed in more detail below, Plaintiffs have not established that this Court has personal jurisdiction over Moving Defendants. Accordingly, considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

Moving Defendants argue that this Court does not possess either general or specific jurisdiction over them.[7] According to Moving Defendants, they do not have any direct contacts in Louisiana, did not own Rig 205, and did not control the rig operations.[8] Moving Defendants assert that they are both Delaware corporations with principal places of business in Oklahoma.[9] Moving Defendants contend that they do not have substantial connections or contacts with Louisiana.[10] Additionally, Moving Defendants argue that they do not have any contacts in Louisiana that are connected with the claims raised in this case.[11] Alternatively, Moving Defendants asserts that the claims against them fail because the Jones Act does not apply to this case, and any claim against Plaintiff's employer is covered by the exclusivity provision of the Longshore & Harbor Workers' Compensation Act.[12]

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a plaintiff's claims when the court does not have personal jurisdiction over a defendant.[13] The party seeking to invoke the power of the court "bears the burden of establishing jurisdiction, but need only present *prima*

---

[6] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[7] Rec. Doc. 29-1 at 1.

[8] *Id.* at 3.

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.* at 8.

[12] *Id.* at 10.

[13] Fed. R. Civ. P. 12(b)(2).

*facie* evidence."[14] To determine whether a prima facie case exists, a district court accepts "uncontroverted allegations in the complaint" as true and resolves "any factual disputes" in favor of the party seeking to invoke the court's jurisdiction.[15]

The Louisiana long-arm statute confers jurisdiction to the limits of due process.[16] Thus, because Louisiana's long-arm statute confers jurisdiction to the limits of due process, a federal court must determine only whether subjecting the defendant to suit in Louisiana comports with the Due Process Clause.[17] Due process permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state"[18] and (2) the court's exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice."[19] The "minimum contacts" analysis "may result in either specific or general jurisdiction."[20] "General jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action."[21] On the other hand, specific jurisdiction may be asserted when the non-resident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries

---

[14] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

[15] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 176 (5th Cir. 2013) (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)).

[16] La. Rev. Stat. § 13:3201.

[17] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (noting that only the Due Process Clause analysis is necessary).

[18] *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[19] *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).

[20] *Torgeson v. Nordisk Aviation Prod., Inc.*, 997 F.2d 881 (5th Cir. 1993).

[21] *Cent. Freight Lines*, 322 F.3d at 381.

that arise out of or relate to those activities."[22] A dismissal for lack of personal jurisdiction is without prejudice.[23]

Plaintiffs have not met their burden of establishing personal jurisdiction over Moving Defendants. Plaintiffs have not responded to this motion or presented any bases upon which this Court could find that it has either general or specific jurisdiction over Moving Defendants. Plaintiffs have not shown that Moving Defendants have continuous and systematic contacts with Louisiana or that this litigation arises out of any activities Moving Defendants purposefully directed at Louisiana. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Co.'s "Motion to Dismiss under Rule 12(b)(2) and Alternatively Under Rule 12(b)(6)"[24] is **GRANTED**. Plaintiffs' claims against Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Co. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of May, 2023.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[22] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[23] *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 666 (5th Cir. 2004).

[24] Rec. Doc. 29.